## Overland Motor Co., Appellant, *v.* Goodman.

*Negligence—Automobiles—Master and servant — Negligence by chauffeur while not engaged on owner's business.*

The owner of an automobile is not liable in damages for injuries to a stranger, occurring from the negligent use of the automobile by the chauffeur or driver, to whom the machine had been loaned, while it was in the borrower's possession and not engaged in the owner's business.

Argued Nov. 30, 1915.    Appeal, No. 271, Oct. T., 1915, by plaintiff, from order of Municipal Court, Philadelphia Co., March T., 1915, No. 714, refusing to take off nonsuit in case of Overland Motor Company v. Mrs. Samuel Goodman.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

622, (1916.)] Assignment of Error—Opinion of the Court.

Trespass to recover damages for injuries to an automobile.

The case was tried without a jury by KNOWLES, J., who entered a nonsuit which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*W. Horace Hepburn, Jr.,* for appellant, cited: Marcus v. Gimbel Bros., 231 Pa. 200; Moon v. Matthews, 227 Pa. 488; Witte v. Mitchell, Etc., Motor Co., 244 Pa. 172; Haring v. Connell, 244 Pa. 439; Kurtz v. Tourison, 241 Pa. 425; Luckett v. Reighard, 248 Pa. 24.

*Robert P. Shick,* with him *Winfield W. Crawford,* for appellee, cited: Bard v. Yohn, 26 Pa. 482; Lotz v. Hanlon, 217 Pa. 339; Curran v. Lorch, 243 Pa. 247; Sarver v. Mitchell, 35 Pa. Superior Ct. 69; Durham v. Strauss, 38 Pa. Superior Ct. 620; Blaker v. Philadelphia Electric Co., 60 Pa. Superior Ct. 56; Schell v. Shaw, 60 Pa. Superior Ct. 73.

OPINION BY KEPHART, J., April 17, 1916:

The owner of an automobile is not liable in damages for injuries to a stranger, occurring from the negligent use of the automobile by the chauffeur or driver, to whom the machine had been loaned, while it was in the borrower's possession and not engaged in the owner's business: Scheel v. Shaw, 60 Pa. Superior Ct. 73, affirmed by the Supreme Court in an opinion recently handed down.

There are no facts in the case at bar which distinguish it from the facts in the foregoing case to an extent that a different rule of law would be applicable thereto. Defendant's chauffeur borrowed the car at seven o'clock for an hour, to be back at the defendant's house at eight o'clock. The accident occurred at seven-fifteen. There is no evidence in the case to show that the accident occurred while the car was under the control of and was

being used in the business of the master, but on the contrary it shows that the chauffeur was using the car for his own business or pleasure.

The assignments of error are overruled and the judgment is affirmed.